UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FELICIA BINION WILLIAMS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-1084 (RC) |
| | : | | |
| v. | : | Re Document No.: | 33 |
| | : | | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et. al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**GRANTING DEFENDANT THE CATHOLIC UNIVERSITY OF AMERICA'S MOTION TO DISMISS**

### INTRODUCTION

Plaintiff Felicia Binion Williams, proceeding *pro se*, seeks $15 million in damages from Defendant The Catholic University of America ("CUA" or "Defendant") for allegedly failing to accommodate her disability during a midterm examination, which caused her to suffer an anxiety attack, and allowing federal agents to "harass" her. Defendant now moves to dismiss Plaintiff's claims related to the disability accommodations because: (1) Plaintiff's claims are barred by the statute of limitations; (2) the Court lacks subject matter jurisdiction over Plaintiff's claims; and (3) Plaintiff has failed to allege a failure by CUA to accommodate her disability. Defendant also requests that this Court dismiss Plaintiff's claim against Defendant about alleged harassment by federal agents because Plaintiff has failed to state a claim for which relief can be granted. For the reasons discussed below, this Court grants Defendant's motion to dismiss all of Plaintiff's claims against CUA.

### BACKGROUND

Plaintiff filed this suit against several defendants, including CUA, on April 19, 2022.

Compl. at 1, ECF No. 1.  Plaintiff evinces that she attended CUA's Columbus School of Law,[1] where she participated in the Master of Legal Studies program.  *Id.* at 11; *see also* Civil Stmt. at 49, ECF No. 19.  According to Plaintiff, she took a midterm examination during the fall semester of 2020 in a class, titled Introduction to Intellectual Property, taught by "Professor Labelle." App. to Compl. at 182, ECF No. 1-1; Pl.'s Letter #5 at 28, ECF No. 6.  Plaintiff alleges that, during this midterm, she was required to use two different software programs, Microsoft Word ("Word") and "TWEN."[2]  Compl. at 3.  Though not entirely clear from Plaintiff's filings, Plaintiff appears to claim that: (1) Defendant did not set TWEN for the appropriate amount of time to which she was entitled due to her disability accommodation, *see id.* at 13; Civil Stmt. at 11, and/or (2) she received the midterm from a CUA employee by email in Word when the examination needed to be completed in TWEN, and she thus should have had twice the time allotted because there was a "[two]-step process" to taking the exam, Letter from Pl. in Opp'n to Def.'s Mot. to Dismiss ("Opp'n Letter") at 10, ECF No. 38-1; Pl.'s Letter #5 at 15.  Plaintiff alleges that the stress of using both programs caused her to have an anxiety attack.  Compl. at 3.  Plaintiff further claims that Defendant allowed a "federal agent," potentially from the Federal Bureau of Investigation ("FBI") or the Central Intelligence Agency ("CIA"), to "harass" her.  *Id.* at 13.  She seeks $15 million in damages from Defendant.  *Id.* at 13.

Plaintiff appears to claim that CUA's alleged failure to provide accommodations for Plaintiff's disability violated Title III of the Americans with Disabilities Act ("ADA") and

---

[1] CUA is a private university located in Washington, D.C.  *See Cath. Univ.: At A Glance*, The Cath. Univ. Of Am., https://www.catholic.edu/about-us/at-a-glance/index.html (last visited February 10, 2023).

[2] The Court understands Plaintiff to be referring to The West Education Network ("TWEN"), a tool provided by Thomson Reuters.  *See TWEN: Course Management For Law Schools*, Thomson Reuters, https://lawschool.thomsonreuters.com/twen/ (last visited February 10, 2023).

Section 504 of the Rehabilitation Act ("Section 504").  Pl.'s Letter #16 at 36, 38, ECF No. 21.

Defendant states that it construes Plaintiff's claims related to disability accommodations as

arising under these two statutes as well.  Mem. in Supp. of Def.'s Mot. to Dismiss ("Mem. in

Supp.") at 4, ECF No. 33-1.[3]

      The Court first issued a summons on April 19, 2022, Ex. 2 to Letter from Pl. in Opp'n to

Def.'s Mot. to Dismiss ("Ex. 2") at 28, ECF No. 38-2, and Plaintiff alleges that FedEx effected

service on Defendant on April 20, 2022, *see* Pl.'s Letter Indicating Service ("FedEx Letter") at 3,

ECF No. 9.  The Court reissued a summons on April 28, 2022, due to an address error in the first

summons, Ex. 2 at 29, and Plaintiff claims she served Defendant via FedEx again, *see*

Introduction to Letter from Pl. in Opp'n to Def.'s Mot. to Dismiss ("Introduction to Opp'n

Letter") at 1–2, ECF No. 38.  It does not appear from the record that Plaintiff enclosed proof of

service for this second summons and the Complaint, so it is unclear to the Court the precise day

on which Defendant would have been required to file its response.  Defendant then filed a

Motion for Extension of Time to File and Answer on May 31, 2022, explaining that: (1)

"Plaintiff did not comply with Federal Rule of Civil Procedure 4(h)(1)(B)" because "[t]he Dean

of the Law School is not an 'officer' of the corporation," and (2) "Plaintiff [would] not suffer any

prejudice from the extension requested" because "none of [the other Defendants] appear[ed] to

have filed an answer to the Complaint."  Def.'s Mot. for Ext. of Time to File Answer ("Mot. for

---

[3] Construing Plaintiff's claims liberally, it might also be possible for the Court to identify a nonfederal, common law tort claim for intentional infliction of emotional distress ("IIED") in Plaintiff's allegations.  But because the Court is dismissing all federal claims with respect to CUA, the Court is permitted to decline supplemental jurisdiction over all remaining nonfederal claims.  *See* 28 U.S.C. § 1367(c)(3).  "When, as here, the federal claims 'are dismissed before trial,'" and particularly given that Plaintiff has not herself explicitly raised an IIED claim, "it is preferable for the Court to decline to exercise supplemental jurisdiction."  *Cromeartie v. RCM of Washington, Inc.*, 118 F. Supp. 3d 335, 339 (D.D.C. 2015) (quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423–24 (D.C. Cir. 2005)).

3

Ext.") ¶¶ 3, 7, ECF No. 16.  Despite the absence of proof of service on the record for the second summons and Plaintiff's complaint, Defendant indicated that it was "willing to 'accept' service" as of the date of an order granting its motion for an extension.  *Id.* at ¶ 5.  This Court granted Defendant's motion for an extension on June 15, 2022, citing Local Civil Rule 7(b) and permitting Defendant until July 15, 2022, to respond to Plaintiff's complaint.  *See* Mot. for Ext. at 1; Minute Order Granting Def.'s Mot. for Ext. of Time to File Answer ("Minute Order").

On July 15, 2022, Defendant moved to dismiss Plaintiff's claims against CUA related to the disability accommodations because: (1) Plaintiff's claims are barred by their statute of limitations; (2) the Court lacks subject matter jurisdiction over Plaintiff's claims; and (3) Plaintiff has failed to allege a failure by Defendant to accommodate her disability.  Mem. in Supp. at 4–12.  Defendant also requests that this Court dismiss Plaintiff's claim against Defendant about alleged harassment by federal agents because Plaintiff has failed to state a claim for which relief can be granted.  *Id.* at 6 n.3.  Plaintiff filed a letter in opposition on August 5, 2022.  *See* Introduction to Opp'n Letter.

## LEGAL STANDARD

### A. Failure to State a Claim

To prevail on a motion to dismiss for failure to state a claim, a plaintiff need only have provided a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test a plaintiff's likelihood of success on the merits, but rather "tests the legal sufficiency of a complaint" by asking whether the plaintiff has properly stated a claim for which relief can be granted.

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In considering such a motion, the complaint must be construed "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). That is, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555. Additionally, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Mindful that a *pro se* litigant's complaint should be "construed liberally and is held to 'less stringent standards than formal pleadings drafted by lawyers,'" *Lemon v. Kramer*, 270 F. Supp. 3d 125, 133 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), this Court will, "when

necessary, "examine[] other pleadings to understand the nature and basis of [Plaintiff's] pro se claims," *Chandler v. W.E. Welch & Assocs., Inc.*, 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002)); *see also Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006) ("[C]onsistent with the leniency afforded *pro se* plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable."). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). The Court need not assume the role of advocate for a *pro se* plaintiff. *See Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) ("[A] court need not act as an advocate for *pro se* litigants . . . ."); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

### B. Statute of Limitations Defense

As this Court has noted, "motions to dismiss based on a statute of limitations defense are generally disfavored, and the D.C. Circuit has 'repeatedly held [that] courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.'" *Doe v. Kipp DC Supporting Corp.*, 373 F. Supp. 3d 1, 7 (D.D.C. 2019) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C. Cir. 1996)). The D.C. Circuit has previously observed that "[t]here is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense" because "[a]lthough it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense." *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981). Even so, the D.C. Circuit "[did] not hold that the use of a motion to dismiss is always improper to raise a statute of limitations defense." *Id.* "Courts may dismiss a complaint under Rule 12(b)(6) on statute of

6

limitations grounds if 'the factual allegations in the complaint . . . clearly demonstrate all elements of the statute of limitations defense *and* that the plaintiff has no viable response to the defense.'" *Brink v. XE Holding, LLC*, No. 11-cv-01733, 2022 WL 3334503, at *3 (D.D.C. May 19, 2022) (quoting *United States ex rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 38 (D.D.C. 2014)); *see also Jones*, 549 U.S. at 215 (noting that a "complaint is subject to dismissal for failure to state a claim" when the allegations "show that relief is barred by the applicable statute of limitations"). In other words, "the Court should grant a motion to dismiss on the ground of statute of limitations only if no reasonable person could disagree on the date on which the cause of action accrued, and the complaint on its face is conclusively time-barred." *Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 274 (D.D.C. 2012) (citations omitted and cleaned up).

## ANALYSIS

Plaintiff argues that, as an initial matter, Defendant should not have been allowed to file its motion to dismiss because it did not do so in a timely manner. *See* Opp'n Letter at 8–9. This argument ultimately fails because Plaintiff did not properly effect service on Defendant and the Court granted Defendant an extension to file its response to Plaintiff's complaint. In its Motion to Dismiss, Defendant argues that Plaintiff's claims are time-barred by the relevant statute of limitations for claims made under the ADA and Rehabilitation Act. *See* Mem. in Supp. at 1–2, 4–6. The Court agrees that the relevant statute of limitations bars Plaintiff's suit because at least one year elapsed between the alleged discriminatory conduct and Plaintiff's filing of this suit. *See Abreu v. Howard Univ.*, No. 21-cv-397, 2021 WL 5081543, at *3–4 (D.D.C. Nov. 2, 2021).

Defendant then argues that Plaintiff's claim against CUA about alleged harassment by federal agents should be dismissed because Plaintiff failed to state a claim for which relief can be

granted. Mem. in Supp. at 6 n.3. The Court also agrees with Defendant that Plaintiff's claim regarding harassment by federal agents is patently insubstantial and should be dismissed. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). For these reasons, the Court grants Defendant's motion to dismiss all of Plaintiff's claims against CUA.

### A. Timeliness of Defendant's Motion to Dismiss

In her response to Defendant's Motion to Dismiss, Plaintiff argues that Defendant failed to respond to her complaint in a timely manner. *See* Opp'n Letter at 8–9. Irrespective of whether Plaintiff can even make such an argument when she did not move for default, Plaintiff's argument fails because she did not properly effect service on Defendant and the Court granted Defendant an extension to file its response to Plaintiff's complaint.

Plaintiff's attempts at service and various communications with CUA staff did not constitute proper service. Plaintiff emailed an assistant dean of CUA's Columbus School of Law on March 23, 2022, with a warning to keep the contents of the email on file "in case there is a lawsuit." Pl.'s Letter #1 at 16, ECF No. 2. Plaintiff then filed her complaint on April 19, 2022. Compl. at 1. Summonses were issued on April 20, 2022, and again on April 28, 2022, but the summonses and Plaintiff's complaint were sent to the Dean of CUA's Columbus School of Law. FedEx Letter at 3. Plaintiff also sent emails to deans and professors at CUA subsequent to her attempt at service. The first was sent on April 29, 2022, to, among many other recipients, two professors and an assistant dean at CUA, and repeated some of her claims from her Complaint regarding statements made about her by her professors; nevertheless, this email did not mention an ongoing suit. *See* Pl.'s Letter #7 at 5, ECF No. 7. The second email was sent on May 13, 2022, to the Dean of CUA's Columbus School of Law; and while it did provide the case number in the subject line and mention a lack of response, it did not provide any information that

Defendant could have used to identify whether or at approximately what time or in what manner it had been served.  *See* Pl.'s Letter #11 at 21–22, ECF No. 12.

Defendant avers that the Dean of CUA's Columbus School of Law is neither Defendant's registered agent nor an officer of CUA who may properly receive service for CUA.  *See* Mot. for Ext. ¶ 3; D.C. Dep't of Licensing and Consumer Prot., *Cath. Univ. of Am. (The)*, CorpOnline (Nov. 16, 2022), https://corponline.dcra.dc.gov/BizEntity.aspx/ViewEntityData?entityId=2725413; *The Cath. Univ. of Am. Amended and Restated Bylaws*, The Cath. Univ. of Am. (2020), https://www.catholic.edu/about-us/leadership/board-of-trustees/bylaws.html; *see also* Fed. R. Civ. P. 4(h)(1)(b) ("[A] domestic . . . corporation . . . must be served . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").  In turn, Plaintiff has not met her burden of providing "evidence indicating that [Defendant] authorized [the Dean of CUA's Columbus School of Law], implicitly or explicitly, to receive service."  *Stallard v. Goldman Sachs Grp.*, Inc., No. 20-cv-2703, 2022 WL 59395, at *6 (D.D.C. Jan. 6, 2022) (quoting *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 88 (D.D.C. 2004)).  Additionally, "notice alone 'cannot cure an otherwise defective service.'"  *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004); *see also BPA Int'l, Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Actual notice does not fulfill the requirements of Rule 4(h)(1).").  Irrespective of whether Plaintiff provided "notice" to Defendant by emailing various CUA employees that she intended to or had filed suit against CUA, such notice would not have been sufficient to cure her defective service.

In seeking its extension of time to respond to Plaintiff's complaint, Defendant was nevertheless willing to accept service effective of the date of an order granting the extension of time, but requested 30 days to file its response to the complaint. Mot. for Ext. at 2. The Court granted Defendant's motion for an extension, and Defendant then filed its Motion to Dismiss within the 30-day deadline set by the Court's Order. *See* Minute Order; Def.'s Mot. to Dismiss ("Mot. to Dismiss") at 1, ECF No. 33. Defendant's Motion to Dismiss was therefore timely.

### B. Defendant's Motion to Dismiss

First, Defendant contends in its Motion to Dismiss that Plaintiff's claims related to disability accommodations should be dismissed. Specifically, Defendant argues that, because "the [D.C. Human Rights Act]'s one-year statute of limitations applies" to Plaintiff's disability accommodation claims, and more than one year has passed since the alleged violation, Plaintiff's claims are time-barred. Mem. in Supp. at 5. Next, Defendant argues in the alternative that Plaintiff's claims were mooted when she graduated from CUA. Mem. in Supp. at 6–8. Finally, Defendant sets forth that Plaintiff failed to state a claim under the ADA or Section 504 of the Rehabilitation Act, not only because she did not "allege any disability" within the meaning of either statute that Defendant failed to accommodate, but also because Defendant "provided testing accommodations for Plaintiff." Mem. in Supp. at 9–10. Ultimately, the Court need not address Defendant's arguments that Plaintiff's claims are moot or that Plaintiff has failed to allege her claims under the ADA or the Rehabilitation Act. Plaintiff's claims regarding disability accommodations are barred by the statute of limitations and must be dismissed.

Second, Defendant also requests that this Court dismiss Plaintiff's claim regarding alleged harassment by federal agents because Plaintiff has failed to state a claim for which relief can be granted. Even viewing Plaintiff's claims through the lens of the liberal pleading standards

applied to *pro se* litigants, the Court agrees with Defendant that Plaintiff has failed to state a claim for which relief can be granted regarding Defendant allegedly allowing federal agents to harass Defendant. Accordingly, the Court will grant Defendant's Motion to Dismiss Plaintiff's claims against CUA.

### 1. Alleged Failure to Accommodate Plaintiff's Disability

Defendant sets forth several arguments for why Plaintiff's contentions regarding Defendant's alleged failure to accommodate Plaintiff's disability ought to be dismissed, including the argument that Plaintiff's claims under the ADA and Rehabilitation Act are barred by the statute of limitations. Plaintiff does not respond in her opposition letter to Defendant's argument that her claims are barred by the relevant statute of limitations. Irrespective of whether Plaintiff may have conceded this argument by not responding to it, however, Plaintiff's claim must fail because she cannot show that her claim is not time-barred.

Plaintiff's claims that CUA violated the ADA and Rehabilitation Act by failing to provide her with accommodations for her disability are time-barred because she filed her complaint outside of the relevant statute of limitations. In considering claims filed under the ADA and Rehabilitation Act, courts in this District have observed that "neither the ADA nor the Rehabilitation Act specifies a limitations period" and have therefore imported the one-year statute of limitations imposed by the D.C. Human Rights Act ("DCHRA"), which courts have found to be the "District of Columbia law most analogous to these federal statutes." *Abreu*, 2021 WL 5081543, at *3; *see also Arthur v. D.C. Hous. Auth.*, No. 18-cv-2037, 2020 WL 1821111, at *6–7 (D.D.C. Apr. 11, 2020); *Brickhouse v. Howard Univ.*, 20-cv-1197, 2021 WL 3007670, at *1–3 (D.D.C. Feb. 11, 2021); *Congress v. D.C.*, 324 F. Supp. 3d 164, 171–72 (D.D.C. 2018); *McFadden v. Washington Metro. Area Transit Auth.*, 204 F. Supp. 3d 134, 142 (D.D.C. 2016);

*Ware v. Hyatt Corp.*, No. 12-cv-0395, 2013 WL 12321372, at *14–15 (D.D.C. Mar. 27, 2013); *Brown v. D.C.*, No. 16-cv-0947, 2019 WL 4345710, at *5 (D.D.C. Sept. 12, 2019). In each case, the court relied on a finding by the District of Columbia Court of Appeals in *Jaiyeola v. D.C.*, 40 A.3d 356, 368 (D.C. 2012) that, because DCHRA was the most analogous statute to the Rehabilitation Act, its one-year statute of limitations ought to apply to claims under § 504 of the Rehabilitation Act.

Consistent with the leniency accorded to *pro se* plaintiffs, and given the sparse details included in Plaintiff's Complaint, the Court has examined Plaintiff's numerous filings to identify whether she may have a basis for her claims. But the evidence provided by Plaintiff supports dismissal based on the statute of limitations. Plaintiff has consistently maintained that the class for which the midterm examination at issue was administered took place in "Fall 2020." Compl. at 11; *see* Civil Stmt. at 32; Letter #21 at 2, ECF No. 27. Her transcript also indicates that the class took place from August 24, 2020, to December 21, 2020. Letter #21 at 17. Plaintiff in her Complaint states that the midterm examination itself took place in October 2020, Compl. at 12; specifically, an email exchange between Plaintiff and individuals who appear to be members of the CUA staff indicates that the midterm examination in question was likely administered on October 16, 2020, *see* Pl.'s Letter #1 at 9 (CUA staff noting in an Oct. 16, 2020, email at 4:15 a.m. that Plaintiff's "Intellectual Property midterm" was "[a]ttached" and Plaintiff replying in an email at 5:30 a.m. the same day that she was "in receipt of the exam" and that she would "begin now"). Defendant avers that Plaintiff must have taken the examination no later than December 2020. Mem in Supp. at 5. Moreover, regardless of the precise date when the exam itself took place, Plaintiff's transcript indicates that her degree was conferred on January 31, 2021, completing her time at CUA. Pl.'s Letter #21 at 16. Thus, even under a generous read of the

12

evidence Plaintiff has provided and assuming *arguendo* the latest possible date of violation would have been in January 2021, Plaintiff's claims are time-barred because she filed this suit in April 2022, placing her suit well outside of her claims' one-year statute of limitations.[4]

### 2. Alleged Allowance of Harassment by Federal Agent

Plaintiff alleges that staff at CUA were concurrently employed by the FBI, CIA, or Drug Enforcement Administration ("DEA") while she was a student and placed listening devices in her home and stalked her as a part of a years-long investigation. *See* Pl.'s Letter #5 at 1, 15, 28–33. "A *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers, but even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citations omitted and cleaned up). "A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" *Tooley*, 586 F.3d at 1009 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)) (cleaned up). Assertions "of surveillance and harassment deriving from uncertain origins" of the kind raised by Plaintiff have been dismissed for such patent

---

[4] Plaintiff has not raised any claim in the voluminous papers submitted that she is entitled to equitable tolling on this statute of limitations. "[G]enerally when a federal court borrows a limitations period from state law, that law's tolling provisions come along as part of the package." *Alexander v. Washington Metro. Area Transit Auth.*, 826 F.3d 544, 551 (D.C. Cir. 2016). Under the DCHRA, the statute of limitations is tolled by "[t]he timely filing of a complaint with the [District of Columbia Office of Human Rights], or under the administrative procedures established by the Mayor," D.C. Code Ann. § 2-1403.16 (West), or "the timely filing of a complaint with the [U.S. Equal Employment Opportunity Commission ("EEOC")]," *Jaiyeola*, 40 A.3d at 369. Despite the voluminous record in this matter, the Court has not identified any indication that Plaintiff filed a complaint with either the D.C. Office of Human Rights or the EEOC regarding her accommodations claims against Defendant. *See* Civil Stmt. at 37–39; Pl.'s Letter #1 at 1–2. Nor has Plaintiff indicated any other basis to justify a claim of equitable tolling. Absent tolling, her claims under the ADA and Rehabilitation Act alleging Defendant's failure to accommodate her disability are time-barred by the applicable statute of limitations.

insubstantiality.  Id. at 1010; see Harris v. Holder, 885 F. Supp. 2d 390, 398 (D.D.C. 2012); Fontanez v. Berger, No. 21-cv-02073, 2022 WL 3646353, at *8 (D.D.C. Aug. 24, 2022).

Among other claims, Plaintiff appears to contend that government agencies have planted listening devices and evidence in, and taken evidence from, her home.  See Pl.'s Letter #5 at 1.  From what the Court is able to discern, her only support for these allegations are various alleged statements from her professors.  Id. at 15, 24–25.  These facts as alleged are insufficient for the Court to construe a sufficient complaint to survive a motion to dismiss because they are "patently insubstantial" and fail to state a claim on which the Court might grant relief.

## CONCLUSION

For the foregoing reasons, Defendant CUA's Motion to Dismiss (ECF No. 33) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 21, 2023                                          RUDOLPH CONTRERAS
                                                                                                 United States District Judge